IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEON COLES, JR.  \*
Petitioner  \*
v  \*  Civil Action No. JKB-13-2994
STATE OF MARYLAND and  \*
OFFICE OF THE PUBLIC DEFENDER  \*
Respondents  \*

\*\*\*

## MEMORANDUM

The above-captioned case was filed on October 10, 2013, and seeks monetary damages as well as dismissal of state criminal charges pending against petitioner. ECF No. 1.

Petitioner alleges he was denied a right to a fair bail when he was given a "no bail status" and was denied due process because he was not provided a preliminary hearing. Petitioner is currently confined in the Baltimore County Detention Center awaiting trial on the criminal charges pending against him which are also the subject of the instant case. *Id.* In *Heck v. Humphrey,* 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. See also *Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). Petitioner's claims for damages cannot be entertained by this court as he has not yet stood trial.

Petitioner's request for dismissal of the charges against him is also not properly before this court. Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana,* 816 F. 2d 220, 224- 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles

of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case may be addressed by the trial court. Thus, the petition must be dismissed without prejudice. A separate order will issue.

DATED this 22 day of October, 2013.

BY THE COURT:

James K. Bredar
United States District Judge